## Commonwealth v. Herbert

*Nicholas J. Emper,* for the Commonwealth.
*John J. Breen,* for defendant.

494

BLOOM, *J.*, June 20, 1983—The matter currently before this court is a summary appeal nunc pro tunc filed by defendant from a fine imposed by the Borough of Folcroft, Delaware County, Pa., which cited defendant for violating its ordinance pertaining to maximum weight limitations for vehicles.

The facts are as follows:

1. On February 17, 1983, the defendant, Mark B. Herbert, was issued a citation, no. C-33935, by a Borough of Folcroft police officer for violating a posted weight limitation on the Primos Avenue bridge.

2. The citation was pursuant to Ordinance No. 734, which was enacted by the Borough of Folcroft authorizing it to post the weight limitation of two and one-half tons for the said bridge.

3. Defendant's vehicle at the time of the violation weighed in excess of seven tons. (14,020 pounds).

4. Defendant's vehicle was impounded by the Folcroft Police Department.

5. Plaintiff, Borough of Folcroft, imposed a fine in the amount of $1,817.50 against defendant.

6. On February 18, 1983, defendant signed the citation and posted the $1,817.50 before District Justice Anthony Truscello.

7. On March 29, 1983, defendant was advised by District Justice Truscello that the posting of the fine had been treated as a guilty plea and no hearing would be held.

8. On March 29, 1983, this court granted defendant's petition for allowance of summary appeal nunc pro tunc.

9. On May 16, 1983 a hearing de novo was held at which time this court was to review briefs and make a determination.

Accordingly, the matter before this court involves

the single issue of whether or not a municipality may impose a fine in an amount greater than $300 where it has enacted an ordinance regulating maximum weights of vehicles and specified a precise penalty when there is a violation of the said ordinance.

Defendant argues that plaintiff is subject to the provisions of Title 53, Section 48308, relating to the collection of penalties for a municipality.

Section 48308 states:

"No fine or penalty shall exceed three hundred dollars for any single violation of any ordinance."

Defendant contends that the collection of a fine in the amount of $1,817.50 based on a borough ordinance is unlawful.

Plaintiff, on the other hand, argues that it enacted Ordinance No. 734 authorizing the posting of a weight limitation of two and one-half tons pursuant to the clear grant of authority provided in 75 Pa.C.S.A. §4902. Section 4902(a) provides:

"(a) Restrictions based on condition of highway or bridge — The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge whenever they determine that the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited, or permissible size or weight of vehicles is reduced."

Additionally, plaintiff contends that this statute which authorized the Borough's ordinance also mandates a precise penalty for a violation. Section 4902(g) provides:

"(g) Penalty —

(1) Any person operating a vehicle or combination upon a highway or bridge in violation of a prohi-

bition or restriction imposed under subsection (a) is guilty of a summary offense and shall upon conviction be sentenced to pay a fine of $75.00, except that any person convicted of operating a vehicle with a gross weight in excess of a posted weight shall be sentenced to pay a fine of $150.00 plus $150.00 for each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum allowance weight."

Therefore, the resolution of this issue necessarily involves a determination by this court as to the effect given regarding two statutes which are in conflict.

It is the law of this state regarding statutory construction to give effect to a special provision when it comes in conflict with that of a general provision. This is mandated by 1 Pa.C.S.A. §1933 which provides:

"Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that the effect may be given to both. If the conflict between the two provisions is irreconciliable, the special provision shall prevail and shall be construed as an exception to the general provision. Unless the general provision was enacted later and it shall be the manifest intention of the General Assembly that such provision prevail."

It is clear from the wording of §48308 that it is a general statute relating to ordinances, whereas §4902 was enacted by the legislature to specifically deal with overweight vehicles upon our highways and grant a municipality authority to enact an ordinance and impose a specific fine when a violation occurs.

Additionally, 75 Pa.C.S.A. §4902 became effective after 53 P.S. §48308. The most recent amend-

ment to 53 P.S. §48308 was to become effective on June 27, 1980 whereas §4902 as amended, June 18, 1980 was to become effective within 60 days.

A situation similar to the case at bar occurred in Commonwealth of Pennsylvania v. True, 69 Del. 90 (1982) in which the Borough of Folcroft issued an overweight vehicle citation citing subsection 4902(a) as the violation and not its own local ordinance, since at that time, it had not passed an ordinance pertaining to maximum weight restrictions.

The Honorable John V. Diggins, in quashing the citation, held that Section 4902(a) was only an enabling act which allows the local authorities to control traffic in their jurisdictions and thus, did not contain or state any offense or penalty in which a prosecution could be based. On appeal before the Superior Court, the order was affirmed, Commonwealth v. True, 303 Pa. Super. 600, 450 A.2d 199 (1982).

In True, supra, plaintiff did not have an ordinance in which a prosecution could be based whereas in the case at bar, the same plaintiff has since passed a proper ordinance. The court in True, supra, made note of the absence of an ordinance and the effect it had on the outcome of the case, stating:

"It is clear from reading of the aforesaid Vehicle Code that the Commonwealth and local authorities may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon a highway or bridge whenever they determine that the highway or bridge may be damaged or destroyed unless the use by vehicles is prohibited or the permissible size of weight of vehicles is reduced. It shall be noted that the Borough of Folcroft currently does not have an ordinance in its proper form which would prohibit the operation of vehicles of certain weight and sizes on bridges and

highways of said borough. Indeed, if such a proper ordinance should exist, the outcome of this motion might well be different."

Therefore, since an ordinance in its proper form was passed pursuant to the legislature's clear grant of authority provided by §4902(a), and also providing for a specific penalty for the ordinance's violation, we must find in favor of plaintiff.

Finally, defendant argues that the charge was not brought under Title 75, Pa.C.S.A. §4902, thus the penalty provision in §4902(a)(1) does not apply.

75 Pa.C.S.A. §6301 of the Motor Vehicle Code provides:

"Except for parking violations, when the same conduct is proscribed under this title and a local ordinance, the charge shall be brought under this title and not under the local ordinance. Prosecutions brought under local ordinances, rule or regulations, which are based on a violation for which there is a specific penalty, provided in this title, except for parking violations, shall be deemed as having been brought under this title and the assessment of disposition of fines and forfeitures shall be so governed."

Accordingly, the penalty provisions are to apply in the prosecution for a violation of plaintiff's ordinance.

Therefore, we enter the following

## ORDER

And now, June 20, 1983, after review of briefs submitted by respective counsel, it is hereby ordered and decreed that:

1. The appeal of defendant is denied.

2. Defendant is directed to appear before this court for sentencing on Friday, July 1, 1983 at 9:30 am in the Courthouse, Media, Pa.